No. 47,190

Richard A. Armstrong and Betty J. Grisham, *Appellants,* v. Cities Service Gas Company and The Kansas Power and Light Company, *Appellees.*

(519 P. 2d 1129)

Opinion filed March 2, 1974.

*Eugene C. Riling,* of Riling, Riling & Burkhead, of Lawrence, argued the cause and was on the brief for the appellants.

*Charles D. Stough,* of Lawrence, argued the cause and *Daniel R. Hopkins,* of Oklahoma City, Oklahoma, was with him on the brief for the appellees.

*Per Curiam:* After the case at bar had been reviewed in this court and the judgment of the trial court affirmed, plaintiffs filed a motion in the lower court for a new trial on the ground of newly discovered evidence. The motion was denied and plaintiffs perfected the instant appeal.

Our decision on the first appeal is *Armstrong v. Cities Service Gas Co.,* 210 Kan. 298, 502 P. 2d 672. It was held that the defendants had become the owners of certain easements and a "meter regulator" lease, by adverse possession under a belief of ownership for more than fifteen years as against the remaindermen (plaintiffs), although the easements and the lease were initially acquired from the life tenant only. The lease required a rental payment of $10.00 per year to keep it alive. These payments were made to the life tenant during his lifetime.

After the Supreme Court mandate came down quieting the title in the appellants, but subject to the easements and the lease, the Cities Service Company sent a draft for the lease rental due payable to appellants, thus acknowledging their title under the mandate.

It is this draft which appellants rely on as newly discovered evidence in support of their motion for a new trial.

We hold that the motion for a new trial was properly denied for two reasons:

First, that the draft acknowledging the title of the appellants was dated December 27, 1972, after the decision of this court on November 4, 1972, and is in no sense an indication of knowledge which would undermine the claim of belief of ownership prior to

December 5, 1968, when appellees were first apprised of appellants' title. The giving of the draft is entirely consistent with the claim of appellees and with the mandate of this court. The evidence is irrelevant.

Second, that the draft upon which appellants rely as newly discovered evidence did not exist when the case was tried. To constitute "newly discovered evidence" the evidence would obviously have to have been subject to discovery for use at the trial. Cases cannot be reopened to receive postjudgment admissions, even if relevant, absent a valid claim of perjury or fraud in procurement.

The judgment of the trial court is affirmed.